UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SAUL SANDOVAL,
               Plaintiff,

v.

TEQUILA SUNRISE OF WESTCHESTER,
INC.; MELISSA PEREZ; and RICHARD
PEREZ,
               Defendants.
------------------------------------------------------------x

**ORDER**

17 CV 1504 (VB)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-26-17

      On October 2, 2017, the parties in this Fair Labor Standards Act case filed a joint application for approval of their settlement agreement, consisting of a detailed letter explaining the agreement, and attaching the proposed settlement agreement itself, for approval by the Court, as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (Doc. #29).

      The Court has considered the following factors: (i) the parties' position as to the proper valuation of plaintiffs' claims; (ii) the risks and costs of continuing to litigate; (iii) the fact that plaintiff is represented by a public interest law firm; (iv) the fact that the parties settled with the assistance of a mediator; (v) the fact that the confidentiality clause in the agreement has an exception for plaintiff to provide truthful information to a government agency; (vi) the fact that the non-disparagement clause is mutual and contains an exception for truthful statements; (vii) the fact that the settlement agreement will be translated orally for plaintiff into his native language, Spanish, and (viii) the fact that the plaintiff is receiving "more than the total amount of wages owed to him under the FLSA three year statute of limitations for willful violations" in addition to attorney's fees. (Doc. #29 at 2).

      The Court finds that the settlement is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion. Moreover, the Court finds the attorney's fees to be fair and reasonable under the circumstances.

Accordingly, the parties' settlement agreement (Doc. #29-1) is hereby APPROVED.

It is hereby ORDERED that this action is dismissed, except that, as provided in ¶ 5 of the settlement agreement, the case may be restored to the docket for entry of judgment in the event Tequila Sunrise fails to make any of the payments required by the settlement agreement.

The Clerk is instructed to close this case.

Dated: October 26, 2017
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge